## Bisler Estate

*George P. Williams, Jr.,* for accountant.

*Otto P. Mann,* for beneficiaries of continuing trust.

*Morris H. Sheer,* for beneficiaries of terminating share.

C. KLEIN, A. J., April 25, 1973.—The reason for filing the present account is the death on July 19, 1972, of Virginia B. Orr, life income beneficiary, whereupon under the terms of testator's will the share of principal from which she was receiving the income became distributable to her issue. The other two income beneficiaries, Miriam B. Jameson and Esther B. Corson, are still living and their shares will remain in trust for them. . . .

At the audit a question was presented as to the allocation of accounting expenses totaling $7,050.75, consisting of counsel fee of $6,500 and costs of filing the account of $550.75. Mr. Sheer, representing the parties who will receive the outgoing share, requested these expenses to be allocated one-half to that share and one-half to the share remaining in trust. Mr. Mann, who represents Miriam B. Jameson, one of the two continuing life beneficiaries, and two of her daughters, asks that these expenses be charged in their entirety against the outgoing share.

The accountant has taken credit in principal disbursements for payment of $8,500 counsel fee, subsequently reduced to $6,500, by agreement, and $550.75 costs of filing the account.

In Cook Trust, 20 Fiduc. Rep. 95, 48 D. & C. 2d 543 (1970), the facts were quite similar to those in the present case. There, Judge Shoyer of this court quoted with approval from Griffith's Estate, 26 D. & C. 75, 86, the general rule that:

". . . whoever has benefited by the trust's administration and the accounting should pay for it, and if both benefit the expense should be shared in equal or unequal amounts to be determined from the facts."

The auditing judge has carefully reviewed the record in this case and is in agreement with the position taken by counsel for the remaindermen that the expenses in question should be allocated equally between the outgoing share and the two shares remaining in trust. The present account covers a period of 12½ years and one-third of the principal will be distributed. There is no question that all shares will benefit from the accounting and from this adjudication. . . .

The account shows a balance of principal, personalty and converted realty, of        $1,226,404.16

to which add administration costs
credited in the account       9,050.75

making a total of       $1,235,454.91
from which one-third less administration costs of $3,525.38 (one-half of $7,050.75), is awarded one-half to Virginia Orr Maes and one-sixth to each of G. A. Bisler Orr, Jr., Virginia B. Orr, 2nd and Vivian Orr McCabe; and the remaining two-thirds, less administration costs of $3,525.37, is awarded to The Fidelity Bank, Trustee, in trust for the continued uses and purposes declared in the will. . . .

And now, April 25, 1973, the account is confirmed nisi.